IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV201-1-MU

MARK STEVEN JONES,                )
                                  )
        Plaintiff,                )
                                  )
        v.                        )        **O R D E R**
                                  )
NORTH CAROLINA DEPARTMENT OF      )
        CORRECTIONS, et al.,      )
                                  )
        Defendants.               )
_____)

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Document # 1), filed April 29, 2005.

In his Complaint Plaintiff alleges that on January 8, 2005, Defendant Melton, a correctional officer, assaulted him by slamming his face at least three times against the outside recreation yard holding cell. Plaintiff alleges that Defendant Tillman, also a correctional officer, yelled "stop it!" and "What's going on?" but did not otherwise intervene. Plaintiff contends that as a result of this alleged excessive force he suffered a fractured right ring finger, cuts on his head, cuts on his knee, and a twisted ankle.

Plaintiff also alleges that although he requested that Defendants Gibson, Burleson, and Lassiter, all correctional officers, preserve the videotape of the incident in question, the videotape was never produced at his disciplinary hearing. Plaintiff made the same request of Defendant Kelly, an assistant unit manager. Plaintiff further alleges that Defendants Burleson and Gibson failed to interview witnesses.

Plaintiff lists the North Carolina Department of Corrections as a defendant. The Department of Corrections, however, is not a proper party to this lawsuit. See Will v. Michigan Dep't State Police, 491 U.S. 58, 71 (1989)(neither a state nor its officials acting in their official capacities are "persons" under § 1983). Consequently the North Carolina Department of Corrections is dismissed from this matter.

In addition, this Court finds that Plaintiff has not successfully alleged a claim against Defendant Tillman. In order to prevail on a failure to intervene and prevent the use of excessive force claim, a plaintiff must establish that "(1) the officer observed or had reason to know that excessive force would be or was being used , and (2) the officer had both the opportunity and the means to prevent the harm from occurring." Turner v. Scott, 119 F.3d 425, 429 (6th Cir. 1997). Plaintiff alleges that Defendant Melton slammed him three times into a cell and then threw him to the ground. The events, as described by Plaintiff, would have taken place in a very small amount of time. Plaintiff admits that Defendant Tillman did try to interject himself verbally into the situation. This Court finds that based upon Plaintiffs own facts he has failed to state a failure to intervene claim against Defendant Tillman.

Likewise, this Court finds that Plaintiff has failed to state a claim against Defendant Smith, the assistant superintendent. In his Complaint Plaintiff's only allegation against Defendant Smith is that he sent him letters about the videotape being preserved. Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133,

1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by Defendant Smith. Nor does Plaintiff allege that the other defendants were acting pursuant to a policy of custom of Defendant Smith. The mere fact that Plaintiff sent a letter or letters to the assistant superintendent is not sufficient to trigger § 1983 liability. Consequently, Defendant Smith is dismissed from this case.

**IT IS THEREFORE ORDERED THAT**:

1. The North Carolina Department of Corrections, Defendant Tillman, and Defendant Smith are **DISMISSED** from this lawsuit; and

3. The Clerk shall issue summons and deliver it forthwith to the U. S. Marshal who will make service of process on Defendants Melton, Gibson, Burleson, Lassiter, and Kelly without additional cost.

**Signed: July 7, 2005**

Graham C. Mullen
Chief United States District Judge