IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV201-01-MU

| MARK STEVEN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| JERRY KELLY, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court upon Defendants Gibson, Burleson, Lassiter, and Kelly's Motion to Dismiss, filed October 14, 2005.

Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Gibson, Burleson, Lassiter, and Kelly alleging that these defendants violated his due process rights by withholding, or failing to uncover, evidence that would have invalidated his disciplinary conviction and loss of good time credits.

As the defendants argue in their Motion to Dismiss, Plaintiff's claim against these four defendants necessarily challenge the validity of his disciplinary conviction and his loss of good time credits and therefore his exclusive means under federal law for challenging such actions would be a petition for a writ of habeas corpus. See Edwards v. Balisok, 520 U.S. 641, 645-48 (1997)(claims for damages, declaratory relief, or retroactive injunctions based on loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to § 1983, if a finding in favor of the plaintiff

would necessarily imply the invalidity of the underlying disciplinary conviction). Plaintiff does not allege that his disciplinary conviction has been overturned[1] and therefore his claims against these defendants are dismissed.

The only remaining defendant in this case is Defendant Melton who has not yet been served. A review of Plaintiff's Complaint and the other Defendants' Motion to Dismiss, leads this Court to conclude that Defendant Melton should also be dismissed from this case. 28 U.S.C. § 1915(e)(1) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . .").

Plaintiff's claim against Defendant Melton is that he used excessive force against him. More specifically, Plaintiff alleges that Defendant Melton, a correctional officer, slammed him three times into the outside recreation yard holding cell and forcefully threw him to the ground. As a result Plaintiff contends he fractured his ring finger, twisted an ankle and suffered various cuts.

As a result of the incident between Plaintiff and Defendant Melton, Plaintiff was charged with assaulting Defendant Melton At Plaintiff's disciplinary hearing it was determined that he used abusive threatening language towards Defendant Melton and then grabbed his shirt popping three buttons off and then refused a direct order to release Defendant Melton's shirt. In response Defendant Melton took Plaintiff to the ground. As a result of the altercation between Plaintiff and Defendant Melton, Plaintiff was found guilty of an A03 infraction (assault on a staff member) and as a result he lost 40 days of good

---

[1] Indeed, Petitioner admits his disciplinary conviction has been upheld by the Department of Correction's Chief Disciplinary Hearing Officer.

time credit.  Plaintiff appealed this decision but it was affirmed.

Plaintiff's claim against Defendant Melton necessarily also challenges the validity of his disciplinary conviction and his loss of good time credits and therefore his exclusive means under federal law for challenging such actions would be a petition for a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641, 645-48 (1997)(claims for damages, declaratory relief, or retroactive injunctions based on loss of good-time credits and claims for restoration of good time credits may only be brought in habeas proceedings, as opposed to § 1983, if a finding in favor of the plaintiff would necessarily imply the invalidity of the underlying disciplinary conviction).  Consequently, Plaintiff's claim against Defendant Melton must be dismissed.

Moreover, even if Plaintiff's excessive force claim were not barred by Edwards, Plaintiff's allegations fail to state a claim.  That is, based upon the facts before this Court the force used by Defendant Melton was not unconstitutional.   Plaintiff, as found by the disciplinary board, assaulted Defendant Melton. Defendant Melton then "took down" Plaintiff in response to Plaintiff's  actions.  Given Plaintiff's actions, this Court does not find that the force used by Defendant Melton in response to Plaintiff's assault on him was excessive.

Finally, in order to state an excessive force claim, a Plaintiff must establish that he received more than a *de minimus* injury.  Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc).   The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial

3

detainees against 'cruel and unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that not every malevolent touch by a prison guard gives to rise to a federal cause of action. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights." Riley, 115 F.3d at 1167.

In the instant case Plaintiff alleges he fractured his ring finger, twisted an ankle and suffered various cuts. Such alleged injuries fail to rise above the de minimus level. See Riley, 115 F.3d at 1167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident); Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury).

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss is **GRANTED** and Defendants Gibson, Burleson, Lassiter, and Kelly are dismissed from this case**;**

2. Defendant Melton is dismissed from the case for failure to state a claim against

4

him; and

      3. Plaintiff's Complaint is **DISMISSED**.

**Signed: December 6, 2005**

Graham C. Mullen
Chief United States District Judge